UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 25-50181 |
| Plaintiff, | UNITED STATES' MOTION IN LIMINE AND MEMORANDUM OF LAW |
| vs. | |
| FRANKLIN LONG BLACK CAT, | |
| Defendant. | |

The United States of America, by and through Assistant United States Attorney Benjamin Schroeder, submits the following Motion in Limine and Memorandum of Law in support of its Motion in Limine.

1. Reference to Penalty or Punishment.

The United States moves this Court for an Order in Limine precluding the Defendant, the attorney for the Defendant, or any witness from making any comment or reference, whether direct or indirect, to penalty or punishment resulting from this case.

In making this Motion in Limine, the United States seeks to preclude any reference whatsoever to any kind of penalty or punishment as a result of this case. *See United States v. Wilcox*, 487 F.3d 1163, 1173–74 (8th Cir. 2007) (quoting *United States v. Thomas*, 895 F.2d 1198, 1200 (8th Cir. 1990)) ("To inform a federal jury about a defendant's punishment would only introduce improper and confusing considerations before it"). This motion includes

reference to penalty at any time during the trial and also during the questioning of the Defendant, if he should choose to testify.

The United States also requests there be no mention in this trial of the fact that the Defendant's felony conviction could have an adverse effect on career plans, education, or the Defendant's future. The United States therefore moves that there be no reference, direct or indirect, to the implication of a conviction on the Defendant's future in any way.

2.     Opining on Guilt or Innocence.

The United States moves to preclude any witness from making any comments or reference, by way of opinion, whether direct or indirect, on the Defendant's guilt or innocence. Any attempt by any witness to express his/her opinion on Defendant's guilt or innocence invades the province of the jury. It is not relevant evidence and should not be allowed. This motion is not intended to limit any testimony of innocence by the Defendant, should he choose to testify, or argument by his counsel.

3.     Hearsay Statements of the Defendant Offered by the Defendant.

In the event the Defendant attempts to introduce, through his witnesses or others, prior statements by himself, the United States requests the Court preclude admission of such statements. Under Fed. R. Evid. 801, statements of a Defendant are not hearsay when they are offered by the Government. However, a Defendant may not be allowed to introduce his hearsay statements to police officers, friends or relatives, and anyone else, because the statement is not being offered against the opposing party. Allowing the Defendant to put in his own

statements or a defense through other witnesses denies the Government the right of cross-examination of the Defendant. Accordingly, such hearsay statements should be excluded. *See United States v. Love*, 521 F.3d 1007, 1009 (8th Cir. 2008); *United States v. Greene*, 995 F.2d 793, 798–99 (8th Cir. 1993) (refusing to extend the privilege against self-incrimination to allow a defendant's statements to be admitted without allowing the government to cross-examine the defendant).

    4.  <u>Reference to Witnesses Who Did Not Testify</u>.

The United States requests an Order in Limine precluding the Defendant, attorney for the Defendant, or any witness from making comment, argument, or reference, whether direct or indirect, to the fact a potential witness was not called as a witness.

It is a well-settled rule that it is impermissible to ask a jury to draw any inference from a party's failure to call a witness equally available to both sides. *United States v. Iredia*, 866 F.2d 114, 118 (5th Cir. 1989). The Eighth Circuit has held that where the defendant or defense counsel argues in closing arguments that the prosecutor did not call all available witnesses or insinuates the prosecutor did not call certain witnesses because they would not support the government's theory, it is a fair response to permit the prosecutor to advise the jury that the Defendant can also call witnesses if they believed they would testify favorably. *See United States v. Flynn*, 196 F.3d 927, 930-31 (8th Cir. 1999); *United States v. Ziesman*, 409 F.3d 941, 954 (8th Cir. 2005) (holding "that the Government is permitted to refer to a defendant's subpoena power in its closing

argument when the defendant has emphasized the Government's failure to call potentially damaging witnesses"). It is improper for either party to comment on the failure to call a witness. Such tactics invite the jury to speculate as to what evidence may have been presented, as opposed to what evidence was presented.

This Court has recognized it is "well-settled" that "drawing any inference from a party's failure to call a witness equally available to both sides is impermissible." *United States v. Bordeaux*, No. CR 03-30060-PAC, 2008 WL 509456, at *2 (D.S.D. Feb. 22, 2008) (quoting *United States v. Iredia*, 866 F.2d 114, 118 (5th Cir. 1989)). As a result of this rule, this Court stated, "[t]he Court expects *both parties* to follow the 'well-settled rule.'" *Id.* (emphasis added). Likewise, here, counsel for both sides should follow this rule and not reference the fact that any witness did not testify.

This Court also stated, "[s]hould a party violate the 'well-settled rule' a responsive reference to the other party's subpoena power is invited." *Id.* (citing *United States v. Ziesman*, 409 F.3d 941, 953 (8th Cir. 2005)). The United States requests that if Defendant violates the well-settled rule by referencing the United States' failure to call a witness, that the United States be allowed to then reference the Defendant's ability to call witnesses.

5.  Jury Nullification.

The United States requests an Order in Limine precluding the Defendant, attorney for the Defendant, or any witness from making comment, argument, or reference, whether direct or indirect, to jury nullification. "Such information is

4

not relevant to [Defendant's] guilt or innocence." *United States v. Barse*, No. 4:24-CR-40058-RAL, 2025 WL 1276074, at *3 (D.S.D. May 2, 2025).

      6.    <u>Reference to Jury Trial, Verdict, and Posture of Prior Case</u>.

The United States requests an Order in Limine precluding the Defendant, attorney for the Defendant, or any witness from making comment, argument, or reference, whether direct or indirect, to the fact the offense took place during a jury trial, the result in that case, the nature and circumstances of the offense in that case, and the fact that there were two jury trials in that case as a result of a granted motion for new trial.

The underlying events of this offense took place in a holding cell in the federal courthouse in Rapid City, SD, during the lunch hour of the jury trial of Defendant for Assault with a Dangerous Weapon in *United States v. Frank Long Black Cat*, 5:25-CR-50015-CCT. Defendant here is alleged to have spit on one federal officer and threaten to kill two other federal officers while in the holding cell. In that trial, Defendant was found guilty of the lesser-included offense, "simple assault." That trial was the second jury trial in the matter, after the Court granted a motion for new trial after an initial guilty verdict.

It is directly relevant to the charged offenses that Defendant was at the federal courthouse in Rapid City over lunch in the custody of the United States Marshals Service in a holding cell at the time of the offenses alleged in the indictment. However, the nature of the jury trial, the verdict, and the details of the procedural posture of that case at the time of the offense are not relevant to the charges here.

5

The United States requests that the parties and witnesses be limited to referencing the jury trial as a court hearing in the federal courthouse in Rapid City where Defendant was the defendant and in in USMS custody in a holding cell over lunch, with no further details of the case file in 5:25-CR-50015-CCT. Further details regarding that case are not relevant under Fed. R. Evid. 401 and confuse the issues under Fed. R. Evid. 403.

7.   Sequestration of Witnesses.

The United States moves that all witnesses be sequestered, other than the case agent permitted under Federal Rule of Evidence 615.

8.   Request for Case Agent at Counsel Table.

The United States requests that FBI Special Agent Brent Bixenman, the case agent, be permitted to sit at counsel table during trial. His presence is essential to presenting the United States' case. Thus, the United States seeks leave from the sequestration rule to allow FBI Special Agent Bixenman to sit at counsel table during the entire trial. Fed. R. Evid. 615; *United States v. Sykes*, 977 F.2d 1242, 1245 (8th Cir. 1992); *United States v. Jones*, 687 F.2d 1265, 1268 (8th Cir. 1982).

Dated this 19th day of January, 2025.

                          RONALD A. PARSONS, JR.
                          United States Attorney

                              */s/ Benjamin Schroeder*
                        _____
                        Benjamin Schroeder
                        Assistant United States Attorney
                        515 9th Street, Suite 201
                        Rapid City, SD 57701
                        Telephone: (605) 342-7822

E-mail: Benjamin.Schroeder@usdoj.gov

7