FOR THE DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR.25-50181 |
| Plaintiff, | DEFENDANT'S BRIEF RE: MOTION FOR JUDGMENT |
| vs. | OF ACQUITTAL PURSUANT TO FED. R. CRIM. P. |
| FRANKLIN LONG BLACK CAT, | RULE 29 |
| Defendant. | |

On January 29th, 2026, in United States District Court, District of South Dakota, before the Honorable Judge Karen Schreier, Defendant Franklin Long Black Cat was convicted by a jury of one count of assaulting a federal law enforcement officer (18 U.S.C. § 111) and two counts of threatening a federal official (18 U.S.C. § 115).

At trial, two U.S. Marshals testified that while they were inside a holding cell with defendant, he said, "When I get out of prison I am going to shoot you." There is no dispute that Defendant used the singular "you" and not plural language like "both of you" or "you two."

At the close of the government's case, defendant moved for judgment of acquittal on either count 2 or count 3 because they were multiplicitious under the United States Supreme Court's reasoning in *Ladner v. United States*, 358 U.S. 169 (1958). Defendant renewed his motion after the jury delivered guilty verdicts on all counts. The Court held its ruling on the motion for judgment of acquittal in abeyance and ordered the parties to brief the issue.

In *Ladner*, the United States Supreme Court held that a single shotgun blast injuring two officers was multiplicitous when charged as two counts.

An indictment is multiplicitous when it charges a single offense multiple times, in separate counts, when, in law and fact, only one crime has been committed. Where a statutory offense is charged as two separate counts, the court must determine whether Congress intended the counts to constitute separate 'units of prosecution.' *Bell v. United States,* 349 U.S. 81, 82–83 (1955). "Courts may not turn a single transaction into multiple offenses." *Id.* 84.

To determine whether congress intended multiple punishments for a single transaction, like the single discharge of the shotgun in Ladner, or the single threat uttered here, Courts look to the intent of Congress. When that intent is absent or ambiguous, courts always decide the multiplicity issue in favor of the defendant, pursuant to the rule of lenity:

> "The allowable unit of prosecution for a federal offense is set by Congress. When Congress fails to set the unit of prosecution with clarity, doubt as to congressional intent is resolved in favor of lenity for the accused." *United States v. Kinsley*, 518 F.2d 665, 666 (8th Cir. 1975).

> "As a matter of statutory construction, we are reluctant to turn a single transaction into multiple offenses. We therefore impute to Congress the intent to impose separate punishments for the same underlying conduct only when Congress has clearly articulated that intent." *United States v. Salameh,* 261 F.3d 271, 278 (2d Cir. 2001).

> "If Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses." *Bell v. United States*, 349 U.S. 81, 84 (1955).
> "If Congress leaves a statute ambiguous as to the proper unit of prosecution, the ambiguity should be resolved in favor of lenity. Under the rule of lenity, courts may not turn a single transaction into multiple offenses." *United States v. Kerley*, 544 F.3d 172, 178 (2d Cir. 2008) (citation cleaned up).

Neither the Eighth Circuit Court of Appeals nor the United States Supreme Court has considered the issue of whether Congress clearly articulated the unit of prosecution for 18 U.S.C. § 115. Nothing in the text of the 18 U.S.C. § 115 explicitly elucidates a unit of prosecution.

Nothing in the caselaw or legislative record suggests a congressional intent to multiply a single threat by the number of people hearing it requiring a lenity-based resolution of the multiplicity issue in Defendant's favor.

The only federal appellate court to decide the unit of prosecution for 18 U.S.C. § 115 concluded that the appropriate unit of prosecution is the individual threat. "In sum, we are convinced that the allowable unit of prosecution under 18 U.S.C. § 115 is the individual threat." *United States v. Haas*, 37 F.4th 1256, 1262 (7th Cir. 2022). In Haas, the Seventh Circuit found that § 115(b)(4), the penalty section, "clarifies the unit of prosecution," as it reads: "*A threat made in violation of this section…*" *Id, at* 1262, *emphasis mine*.

The factual question of whether the single threat here is multiplicitous can be determined by reference to analogous multiplicity cases involving 18 U.S.C. § 111 (assault on a federal law enforcement officer). In *Ladner v. United States*, the Supreme Court analyzed 18 U.S.C. § 111 (the federal law criminalizing assault on a law enforcement officer) and determined that neither the wording of the statute nor its legislative history gave clear guidance as to Congress' intended unit of prosecution. Given this ambiguity, the multiplicity issue was resolved in favor of the defendant, who had discharged a shotgun at two federal agents, injuring both. The court held that the single discharge of the shotgun could only constitute a single assault conviction. "If Congress desires to create multiple offenses from a single act affecting more than one federal officer, Congress can make that meaning clear." *Ladner v. United States*, 358 U.S. 169, 177–78.  Just as there was no indication that Congress intended a single assault impacting two officers to constitute two crimes under 18 U.S.C. § 111 in *Ladner*, there is no indication here of its intent to multiply a single threat by the number of officers within earshot under 18 U.S.C. § 115.

The Eighth Circuit has decided several 18 U.S.C. § 111 multiplicity cases. In *United States v. Kazenbach*, 824 F.2d. 649 (8th Cir. 1987), a prisoner's convictions for three counts of assault on a federal officer were upheld after finding he bit one, struck another and scratched a third. In *United States v. Street*, 66 F.3d 969 (8th Cir. 1995), the defendant was convicted of assaulting two park rangers after verbally threatening each separately, lunging at one and shaking his fist at another as he did so.

Factually, the Eighth Circuit relied on the concept of "individual attention" in deciding these cases, holding that both of the above defendants gave each of their victims' individual assaultive attention. The evidence at bar is the opposite. Defendant uttered a single threat, clearly meant for a singular individual, and did not individually threaten each officer.

The unit of prosecution for 18 U.S.C. § 115 is either the individual threat, per the 7th Circuit, or it is ambiguous and the rule of lenity applies. Either way the motion for judgment of acquittal must be granted for either Count 2 or 3.

Dated this 4th day of February 2026.

        Respectfully submitted,

        DUFFY LAW FIRM

        */s/ Conor Duffy*
        Conor Duffy
        Attorney for Defendant
        1321 Mt. Rushmore Rd.
        Rapid City, SD  57701
        (605) 939-7936
        conorduffylaw@gmail.com