UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANKLIN LONG BLACK CAT,<br><br>Defendant. | 5:25-CR-50181-KES<br><br><br>ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL |

A jury found defendant, Franklin Long Black Cat, guilty of one count of assaulting, resisting, and impeding a federal officer and two counts of threatening a federal officer following a trial on January 29, 2026. Docket 36. At the close of the government's case in chief, Long Black Cat moved for a judgment of acquittal on one of the two counts of threatening a federal officer because he alleged they were multiplicitous.[1] Docket 39 at 1. This court reserved ruling on the motion until the parties could brief the issue and then submitted all three counts to the jury. *Id.* After the jury returned a verdict of guilty on all three counts, Long Black Cat renewed his motion for judgment of acquittal on one of the threatening a federal officer counts. *Id.* The court again

---

[1] Under Fed. R. Crim. P. 12(a)(3)(B)(ii), motions objecting to a defect in the indictment because of multiplicity must be raised in a pretrial motion. Long Black Cat never moved on this issue, but this court will consider his motion for judgment of acquittal regardless of its untimeliness.

reserved ruling and directed the parties to brief the issues. *Id.* This court has reviewed the parties' briefs and now grants Long Black Cat's motion.

## BACKGROUND

Long Black Cat was charged in an indictment with three counts: (1) assault on a federal officer, for allegedly spitting on Deputy United States Marshal Andrew Bickel, (2) threatening a federal officer, for stating "[w]hen I get out of prison I am going to shoot you" to Deputy United States Marshal Jamin Hartland, and (3) threatening a federal officer, because that same statement was allegedly also directed at Deputy United States Marshal Jeff Donovan. Docket 1; Docket 30 at 3-9; Docket 39 at 1. The two counts of threatening a federal officer concerned one utterance allegedly directed at both Hartland and Donovan. Docket 30 at 3-9. At the conclusion of the government's case, Long Black Cat moved for a judgment of acquittal on one of the charges of threatening a federal officer under Fed. R. Civ. P. 29. Docket 39 at 1. Long Black Cat claims that these charges are multiplicitous under the Supreme Court's reasoning in *Ladner v. United States*, 358 U.S. 169 (1958). *Id.* The court reserved ruling on the motion. *Id.* Long Black Cat renewed his motion after the jury delivered a guilty verdict on all counts, including both charges of threatening a federal officer. *Id.*

## LEGAL STANDARD

Rule 29 allows convicted defendants to file a motion for judgment of acquittal after a jury returns its verdict. Fed. R. Crim. P. 29(c)(1). The jury

2

verdict "must be upheld 'if there is any interpretation of the evidence that could lead a reasonable-minded jury to find the defendant guilty beyond a reasonable doubt.' " *United States v. Espinoza*, 885 F.3d 516, 520 (8th Cir. 2018) (quoting *United States v. Taylor*, 813 F.3d 1139, 1146 (8th Cir. 2016)). The Rule 29 standard is " 'very strict' and a jury's verdict should not be overturned lightly." *United States v. Boesen*, 491 F.3d 852, 855 (8th Cir. 2007) (quoting *United States v. Ellefson*, 419 F.3d 859, 862 (8th Cir. 2005)).

The essential elements of a crime for which a defendant is found guilty may be proven by circumstantial or direct evidence. *United States v. Baker*, 367 F.3d 790, 797 (8th Cir. 2004). "Th[e] court views the entire record in the light most favorable to the government, resolves all evidentiary conflicts accordingly, and accepts all reasonable inferences supporting the jury's verdict." *Boesen*, 491 F.3d at 856. "[T]he district court is not to weigh the evidence or assess the credibility of witnesses[]" but instead must evaluate the evidence in the light most favorable to the government and determine if a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Baker*, 367 F.3d at 797.

## ANALYSIS

Long Black Cat argues that the two charges of threatening a federal officer are multiplicitous because they concern one "allowable unit of prosecution" under the multiplicity analyses of cases by the Supreme Court

and a few federal circuit courts. Docket 39 at 3; *see also Ladner*, 358 U.S. at 177-78; *United States v. Haas*, 37 F.4th 1256, 1262 (7th Cir. 2022).

"An indictment is multiplicitous if it charges the same crime in two counts." *United States v. Chipps*, 410 F.3d 438, 447 (8th Cir. 2005); *see also United States v. Platter*, 514 F.3d 782, 785 (8th Cir. 2008). Whether an indictment alleging that one action gave rise to two offenses is multiplicitous depends on "whether the facts underlying each count were intended by Congress to constitute separate units of prosecution." *Platter*, 514 F.3d at 785 (quoting *United States v. Ansaldi*, 372 F.3d 118, 124 (2d Cir. 2008)). "The unit of prosecution is the aspect of criminal activity that Congress intended to punish." *Chipps*, 410 F.3d at 448. Thus, in determining the proper unit of prosecution for a given offense, courts must consider "the statutory language, legislative history, and statutory scheme to ascertain what Congress intended[.]" *Id.* And if "Congress fails to establish the unit of prosecution 'clearly and without ambiguity,' [the courts should] resolve doubt as to congressional intent in favor of lenity for the defendant." *Id.* Multiplicitous indictments are constitutionally prohibited because imposing two punishments for the same crime is a violation of the Double Jeopardy Clause of the Fifth Amendment. *Platter*, 514 F.3d at 785.

Neither party has offered any legislative history regarding Congress's intended unit of prosecution under 18 U.S.C. § 115. And this court's own

4

review of the pertinent legislative materials has uncovered little of use in gauging Congress's intended unit of prosecution.

Next, this court will consider the statutory language and statutory scheme. While this court is unaware of any Eighth Circuit precedent opining on Congress's intended unit of prosecution under § 115, the Seventh Circuit did consider that issue in *Haas*, 37 F.4th at 1261. In *Haas*, the defendant posted three death threats against an FBI Task Force Officer. 37 F.4th at 1259. After being charged with three separate counts of threatening to kill a federal law enforcement officer and convicted, the defendant moved for a judgment of acquittal, contending that the counts were multiplicitous. *Id.* at 1260. To determine whether the indictment was multiplicitous, the court examined the language of the applicable statute, which states:

> Whoever[] . . . threatens to assault, kidnap, or murder, a United States official, a United States judge, a Federal law enforcement officer, or an official whose killing would be a crime under such section, with intent to impede, intimidate, or interfere with such official, judge, or law enforcement officer while engaged in the performance of official duties, or with intent to retaliate against such official, judge, or law enforcement officer on account of the performance of official duties, shall be punished as provided in subsection (b).

*Id.* at 1261 (quoting 18 U.S.C. § 115(a)(1)(B)). The court then observed that "[s]ection 115(b)(4) states that '*[a] threat* made in violation of this section shall be punished by a fine . . . or imprisonment . . . or both.'" *Id.* (quoting 18 U.S.C. § 115(b)(4). And the court concluded that: "[a] threat means just that: an individual threat." *Id.* Because three separate threats were made by the

5

defendant, the court found that each threat was properly charged in a separate count. *Id.* at 1263.

Here, the jury heard testimony from Hartland and Donovan that Long Black Cat looked at both Hartland and Donovan when he threatened to murder them. The jury also made the factual determination that in making this statement, Long Black Cat had the specific intent to threaten Hartland and Donovan, each, individually, with murder. *See* Docket 36; Docket 30 at 5-6 (including the element that "Long Black Cat [threatened to murder Hartland/Donovan] with the intent to impede, intimidate, or interfere with [Hartland/Donovan]").

While these facts support the jury's conclusion that Long Black Cat intended to threaten both Hartland and Donovan, they are not sufficient to establish that Long Black Cat made two separate, individually prosecutable threats. The language used in § 115(b)(4) states that "a threat" made in violation of the statute is subject to a penalty. 18 U.S.C. § 115(b)(4). Here, there was only one threat stated in earshot of more than one person.

Furthermore, in cases where multiplicity is at issue and Congress's intended unit of prosecution is ambiguous, the Supreme Court has held that the rule of lenity requires resolving the doubt in favor of the defendant. *Ladner*, 358 U.S. at 177-78. In *Ladner*, the Supreme Court ruled that in the absence of any legislative history on the point, the appropriate unit of prosecution for an assault done with a single shotgun blast that injured two police officers was

6

one count based on the single discharge of the gun, not two counts because of the two resulting victims. *Id.* at 178-79. As the Court stated, the rule of lenity requires that "[w]hen choice has to be made between two readings of what conduct Congress has made a crime, it is appropriate, before we choose the harsher alternative, to require that Congress should have spoken in language that is clear and definite." *Id.* at 177-78 (internal quotation marks omitted); *see also Chipps*, 410 F.3d at 449 (resolving a matter of doubt as to Congress's intended unit of prosecution in favor of the defendant). Here, because this court's review has uncovered no pertinent legislative history as to the intended unit of prosecution in § 115, the issue is ambiguous and must be construed in favor of Long Black Cat.

The United States appears to agree that the proper unit of prosecution is a threat, but argues that the jury's determinations that Long Black Cat had the specific intent to threaten Hartland in one count and Donovan in the second count constitute factual findings that Long Black Cat made two separate threats. Docket 41 at 7. Again, when a defendant alleges an indictment is multiplicitous because it charges the same statutory offense twice, the proper inquiry is not whether each count requires proof of something that the other does not, but whether the facts were intended by Congress to constitute separate units of prosecution. *See United States v. Marseet*, 2025 WL 3481813 at *6 (W.D.N.Y. Dec. 4, 2025) (rejecting a similar argument that two counts of threatening a federal officer cannot be multiplicitous because they require

7

proof of different facts). Arguments that different counts are not multiplicitous because they have non-overlapping elements are more appropriately raised in response to multiplicity claims concerning charges for the same conduct under *different* statutory provisions. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932). Here, it is ambiguous whether Congress intended one statement that was intended to threaten two officers to constitute two separate threats. Thus, the rule of lenity requires that Long Black Cat's statement give rise to only one conviction under § 115.

Combining the rule of lenity principles with the Seventh Circuit's persuasive determination that the appropriate unit of prosecution for § 115 is "a threat," this court concludes that a single threatening utterance directed at two federal law enforcement officers does not constitute two separate threats under § 115. To permit a jury to find such a result would result in multiplicitous convictions in violation of the Fifth Amendment. Thus, even when evaluating the evidence in the light most favorable to the government, a reasonable jury could not have found Long Black Cat guilty beyond a reasonable doubt as to both counts of threatening a federal officer.

## CONCLUSION

For the above reasons, it is

ORDERED that Long Black Cat's Motion for Judgment of Acquittal on

8

Count 3 pursuant to Fed. R. Crim. P. 29 (Docket 39) is GRANTED.

Dated March 20, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE